HUGHES PROPERTIES INC., a NEVADA CORPORATION, DBA HAROLD'S CLUB, APPELLANT, *v.* PLAZA INVESTMENTS, a NEVADA GENERAL PARTNERSHIP, RESPONDENT.

No. 16989

March 31, 1987                    734 P.2d 710

[Rehearing denied August 28, 1987]

*Barker, Gillock, Perry, Koning & Spann* and *Mark Sturdivant,* Reno, for Appellant.

*Walther, Key, Maupin, Oats, Cox, Lee & Klaich,* and *Paul Anderson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On December 5, 1980, Plaza Investments (Plaza) and Hughes Properties Inc. (Hughes) entered into a sublease agreement which included an indemnification provision requiring Hughes to indemnify Plaza for all claims occurring "in, upon, about or in any way connected with" the subleased property. On December 13, 1983, a third-party complaint was filed alleging personal injuries suffered on a sidewalk and walkway adjacent to a railroad crossing on the east side of Virginia Street north of Commercial Row. Plaza, Hughes, Southern Pacific Land Company, the City of Reno, and the Nevada Department of Transportation were named as defendants who allegedly owned, leased, maintained and regulated the location. Hughes was requested to indemnify and defend Plaza pursuant to the sublease agreement. Hughes refused, claiming that it was not required to defend or indemnify Plaza because the accident had not occurred on the subleased property. Plaza filed a cross-claim seeking indemnification from any judgment and attorney fees incurred in defense of the claim.[1]

The district court granted Plaza's motion for summary judgment on the cross-claim in the amount of $11,038.26 for attorney's fees and costs incurred in defense of the third-party claim. The district court held that when the third-party plaintiff named Plaza as a defendant, contending she was injured on property subject to the sublease agreement, Hughes' duty to defend Plaza arose under the sublease agreement. The court also said that even if the injuries did, in fact, occur off the property leased by Plaza, a claim was brought against Plaza which necessarily required Hughes to defend Plaza.

Upon review, however, we agree with Hughes' contention that it had no obligation to defend because the complaint did not allege that the plaintiff had been injured on the subleased property or that her injury was in any way connected with the subleased

---

[1]The personal injury claims against Plaza and Hughes were ultimately settled for $1000.

property. Paragraph II of the complaint claimed: "That this is an action for personal injuries occurring on a sidewalk and walkway on the East side of Virginia Street, North of Commercial Row, immediately adjacent to the railroad crossing, Reno, Washoe County, Nevada." Based upon the allegations set forth in paragraph II, Plaza knew or should have known that the alleged injury did not occur on the subleased property. There is nothing in the record to show that Plaza offered any evidence that the alleged injury occurred on or in any way connected with the subleased property. The mere fact that Hughes and Plaza were included in the group of defendants allegedly having control over the place of injury does not, without more, trigger Hughes' obligation under the indemnification agreement. It does not require any legal ingenuity to draft a complaint charging someone with negligence. Piedmont Equip. Co. v. Eberhard Mfg., 99 Nev. 523, 528, 665 P.2d 256, 259 (1983). Since it is clear from the face of the complaint that the third-party plaintiff's alleged injuries did not occur in, on, about or in any way connected with the subleased property, we hold that Hughes had no obligation to defend Plaza. The district court's award of defense costs and attorney fees to Plaza is, therefore, error. Accordingly, we reverse summary judgment and remand for entry of judgment for Hughes.